UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THE CHILDREN FIRST FOUNDATION,
INC., a New York non-profit organization,

                                                    Plaintiff,


            -v.-                                                1:04-CV-00927
                                                                (NPM /RFT)

RAYMOND P. MARTINEZ, individually,
DAVID J. SWARTS, in his official capacity
as Commissioner of the New York
Department of Motor Vehicles; JILL A.
DUNN, individually; NEAL SCHOEN, in his
official capacity as Deputy Commissioner
and Counsel for the New York Department
of Motor Vehicles; GEORGE E. PATAKI,
individually; and DAVID A. PATERSON,
in his official capacity as Governor of the
State of New York,

                                                    Defendants.


APPEARANCES:                         OF COUNSEL:


ALLIANCE DEFENSE FUND                BRIAN W. RAUM
Attorney for Plaintiff
15100 N. 90th Street
Scottsdale, AZ 85260


ALLIANCE DEFENSE FUND                JAMES M. JOHNSON
Attorney for Plaintiff
401 Market Street, Suite 900
Shreveport, LA 71101


ALLIANCE DEFENSE FUND                JEFFREY A. SHAFER
Attorney for Plaintiff

801 G Street NW, Suite 509
Washington, D.C. 20001

HISCOCK & BARCLAY, LLP                    LINDA J. CLARK
Attorneys for Jill Dunn, individually     MICHAEL J. GRYGIEL
50 Beaver Street, Fifth Floor
Albany, NY 12207-2830

HOUGUET, NEWMAN LAW FIRM                   IRA J. LIPTON
Attorneys for George Pataki, individually  ELIZABETH A. MUSELLA
10 East 40th Street                        LAURA M. MIDWOOD
New York, NY 10016

HARRIS BEACH PLLC                          MARK J. MCCARTHY
Attorney for Raymond Martinez,
 individually
677 Broadway, Suite 1101
Albany, NY 12207

HON. ANDREW M. CUOMO,                      SENTA B. SIUDA
 Attorney General for the State of         Assistant Attorney General
 New York
Attorney for David A. Paterson, David
 J. Swarts, and Neal Schoen in their
 official capacities
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204-2455


Neal P. McCurn, Senior District Judge


## *MEMORANDUM, DECISION AND ORDER*

*I.*    *Introduction*

        Presently before the court is a motion by defendant, Jill A. Dunn ("Dunn")

to certify a question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) regarding this court's Memorandum, Decision and Order of December 27, 2007. See Dkt. No. 160; Children First Foundation, Inc. v. Martinez, No. 1:04-CV-0927, 2007 WL 4618524 (N.D.N.Y. Dec. 27, 2007).  Plaintiff, the Children First Foundation, Inc. ("CFF" or "Plaintiff") opposes.  The motion is considered on the papers submitted without oral argument.

## *II.  Background*

The protracted factual and procedural background of this case has recently been very aptly summarized by Magistrate Judge Randolph Treece, and will not be repeated here.  See Children First Foundation, Inc. v. Martinez, No. 1:04-CV-0927, 2007 WL 4344915, at *1-4 (N.D.N.Y. Dec. 10, 2007).  However, a discussion of the events leading to the underlying MDO will be briefly summarized for contextual purposes.

On August 3, 2007, Judge Treece issued a Memorandum, Decision and Order granting in part and denying in part Dunn's motion to amend her answer. See Dkt. No. 128.  By her motion, Dunn sought to amend her answer to assert as affirmative defenses that (1) Plaintiff's amended complaint is barred by the government speech doctrine, and (2) Plaintiff's amended complaint is barred, and Dunn is immune, by the Establishment Clause of the First Amendment to the United States Constitution.  Judge Treece denied the motion insofar as Dunn sought to assert a government speech doctrine defense, and granted the motion insofar as she sought to assert an Establishment Clause affirmative defense.  Upon consideration of objections filed thereto, this court respectfully disagreed with Judge Treece, and reversed, thereby allowing Dunn to amend her answer with a

3

government speech doctrine defense, but denying her motion to amend her answer with an Establishment Clause defense.  See Children First Foundation, Inc, No. 2007 WL 4618524.

Dunn now seeks permission to file an interlocutory appeal to the Court of Appeals for the Second Circuit as to this court's MDO insofar as it denies her motion to amend her answer with an Establishment Clause defense.  See Dkt. No. 169.  Plaintiff opposes.  See Dkt. No. 173.

### III.  Discussion

#### A.  Legal Standard

"[A] district court may certify an immediate appeal of an interlocutory order if the court finds that the 'order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Century Pacific, Inc. v. Hilton Hotels Corp., No. 03-Civ.-8258, 2008 WL 2276701, at *1 (S.D.N.Y. May 29, 2008) (quoting 28 U.S.C. § 1292(b)).

In order to determine whether a controlling question of law exists, courts consider whether "reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases."  Kelsey v. County of Schoharie, No. 1:04-CV-299, 2007 WL 1532024, at *1 (N.D.N.Y. May 24, 2007) (internal quotation omitted).  Moreover, the issue should present a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record."  Id. (internal citation and quotation omitted).

4

In order to establish the existence of a substantial ground for difference of opinion, the party seeking interlocutory appeal must establish that "there is a substantial reason to doubt the correctness of the district court's ruling." Anderson Group, LLC v. City of Saratoga Springs, No. 1:05-CV-1369, 2008 WL 2064969, at *1 (N.D.N.Y. May 13, 2008).

Finally, resolution of an issue by interlocutory appeal must "literally accelerate the action as a whole" in order for a district court to find that it would materially advance the ultimate termination of the litigation.  See Anderson Group, LLC, 2008 WL 2064969, at *1.  Accordingly, "it is not enough that the interlocutory appeal would not delay the action; it must advance the time for trial or ... shorten the time required for trial."  Id. (internal quotation and citation omitted).

It is important to note that, even when the statutory criteria are met, district courts have broad discretion to deny a motion for certification.  See Century Pacific, Inc., 2008 WL 2276701, at *1(internal citations omitted).  Moreover, "interlocutory appeal is a rare exception where, in the discretion of the district judge, it may avoid protracted litigation."  Id. (internal quotation and citation omitted).

### B.  Dunn's Arguments in Support of the Pending Motion

Dunn argues that whether the phrase "Choose Life" is a religious message presents a pure question of law, and that reversal of this court's decision would significantly affect the conduct of this action in that it would support her qualified immunity defense.  Dunn further argues that a decision on this issue would have "substantial precedential value for the large number of cases confronting similar

issues." <u>See</u> Def. Dunn's Mem. of Law at 3, Dkt. No. 169.

Dunn contends that the sharp difference in opinion between this court and the magistrate judge is evidence that there is a substantial ground for difference of opinion as to whether "Choose Life" is religious speech. Further, Dunn argues that a substantial ground for dispute is raised because the author of language cited by the Second Circuit Court of Appeals in <u>United States v. Allen</u>, 760 F.2d 447 (2d Cir. 1985), which was relied on by this court, "renounced" his analysis. <u>See</u> Def. Dunn's Mem. of Law at 5, Dkt. No. 169. Finally, Dunn argues that there is a substantial ground for dispute as to whether the abortion debate is religious, debunking this court's conclusion that the debate is political, not religious, in nature.

Dunn argues that if the Second Circuit reverses this court's decision now rather than at the end of the litigation, it will eliminate the need for further discovery and re-trial. Moreover, Dunn argues, if she is permitted to assert an Establishment Clause defense, it will increase the likelihood she will prevail on a motion for summary judgment, ultimately terminating the case against her.

### C. Analysis

The court considers the plethora of arguments set forth by Dunn in support of her motion, keeping in mind that "interlocutory appeal is a rare exception where, in the discretion of the district judge, it may avoid protracted litigation." <u>See</u> <u>Century Pacific, Inc.</u>, 2008 WL 2276701, at *1. However, resolution of the legal question Dunn seeks to be certified for interlocutory appeal would decide only one element of her Establishment Clause defense. "Religious expression cannot violate the Establishment Clause where it (1) is purely private and (2)

occurs in a traditional or designated public forum, publicly announced and open to all on equal terms." <u>Capitol Square Review and Advisory Bd. v. Pinette</u>, 515 U.S. 753, 770, 115 S.Ct. 2440, 2450 (1995).  Accordingly, should the Court of Appeals for the Second Circuit decide that "Choose Life" is religious expression, it would still remain for this court to resolve whether or not the speech is private or government speech.  It should also be noted that, in order for Dunn to prevail on her government speech doctrine defense, which still remains for consideration in this litigation, the court must determine the same question, to wit, whether the speech at issue is private or government speech.  If it is the former, neither an Establishment Clause nor a government speech doctrine defense would stand.  If it is the latter, Dunn would prevail on her government speech doctrine defense, rendering a defense under the Establishment Clause superfluous.  Therefore, resolution of the issue presented by Dunn for interlocutory appeal would not "accelerate the action as a whole" and likewise would not materially advance the ultimate termination of the litigation.  <u>See</u> <u>Anderson Group, LLC</u>, 2008 WL 2064969, at *1.  That being said, the court acknowledges that there is a sharp difference of opinion between Judge Treece and this court as to its underlying decision that "Choose Life" is not religious expression.  Nonetheless, because resolution of that issue would not materially advance the termination of this litigation, Dunn's motion to certify said issue for interlocutory appeal must be denied.

## *IV.  Conclusion*

Pursuant to the foregoing discussion, defendant Jill A. Dunn's motion to certify a question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (<u>see</u>

Dkt. No. 169) is hereby DENIED.


        IT IS SO ORDERED.


DATED:        June 20, 2008
              Syracuse, New York


                              Neal G. McCurn
                              _____
                              Neal P. McCurn
                              Senior  U.S. District Judge